1                     UNITED STATES DISTRICT COURT
2                       DISTRICT OF PUERTO RICO

3 JOSÉ DEL CARMEN CARDALES LUNA,

4     Petitioner.                                   Civil No. 13-1047 (JAF)

5     v.

6 UNITED STATES OF AMERICA,
7
8     Defendant.

9

10

11                         **OPINION AND ORDER**
12
13     Petitioner, José del Carmen Cardales-Luna, brings this pro-se petition under 28 U.S.C.

14 § 2255 for relief from sentencing by a federal court, alleging that the sentence imposed on him

15 violated his rights under federal law.  He requests an order to vacate, set aside, or correct the

16 sentence imposed in Cr. No. 07-063-06 (JAF).  (Docket No. 1-2.)

17                               **I.**
18
19                         **Background**
20
21     The United States Coast Guard boarded a Bolivian flag vessel named Osiris II in

22 international waters on February 4, 2007. Petitioner was one of eight crew members on

23 board.  After a six-day search, Coast Guard officers discovered 400 kilograms of cocaine,

24 twenty-five kilograms of heroin, and a machine gun hidden in a compartment near the rear of

25 the vessel. The federal government charged Petitioner and the other seven crew members with

26 (1) conspiracy to possess with intent to distribute the drugs found on the Osiris II, see 46 U.S.C.

27 § 70506(b); (2) aiding and abetting the possession of those drugs with intent to distribute, see 46

28 U.S.C. § 70503(a)(1), 18 U.S.C. § 2(a); and (3) aiding and abetting the possession of a machine

Civil No. 13-1047 (JAF)                                                           -2-

1   gun    in    furtherance    of    a    drug    trafficking    crime,    see    18    U.S.C.    §§ 2(a),

2   924(c)(1)(B)(ii).  Petitioner was convicted on counts one and two.  On November 27, 2007, he

3   was sentenced to 135 months imprisonment.  (Docket No. 267.)  His appeal to the First Circuit

4   Court of Appeals was unsuccessful. U.S. v. Cardales-Luna, 632 F.3d 731 (1st Cir. 2011).

5                                        **II.**

7                                  **Legal Standard**

9        A federal district court has jurisdiction to entertain a § 2255 petition when the petitioner

10  is in custody under the sentence of a federal court.  See 28 U.S.C. § 2255.  A federal prisoner

11  may challenge his sentence on the ground that, inter alia, it "was imposed in violation of the

12  Constitution or laws of the United States."  Id.  The petitioner is entitled to an evidentiary

13  hearing unless the "allegations, even if true, do not entitle him to relief, or . . . 'state conclusions

14  instead of facts, contradict the record, or are inherently incredible.'"  Owens v. United States,

15  483 F.3d 48, 57 (1st Cir. 2007) (quoting United States v. McGill, 11 F.3d 223, 225–26 (1st Cir.

16  1993)); see 28 U.S.C. § 2255(b).  A petitioner cannot be granted relief on a claim that has not

17  been raised at trial or direct appeal, unless he can demonstrate both cause and actual prejudice

18  for his procedural default.  See United States v. Frady, 456 U.S. 152, 167 (1982).  Claims of

19  ineffective assistance of counsel, however, are exceptions to this rule. See Massaro v. United

20  States, 538 U.S. 500, 123 (2003) (holding that failure to raise ineffective assistance of counsel

21  claim on direct appeal does not bar subsequent § 2255 review).

22                                       **III.**

24                                  **Discussion**

26       Because Petitioner appears pro se, we construe his pleadings more favorably than we

27  would those drafted by an attorney.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Civil No. 13-1047 (JAF)                                                                -3-

1    Nevertheless, Petitioner's pro-se status does not excuse him from complying with procedural

2    and substantive law.  Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

3        The Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2255 ("AEDPA"), has a

4    one-year limitations period. See § 2255(f). The period begins to run from when "the date on

5    which the conviction becomes final." § 2255(f)(1).  When a federal criminal defendant has

6    exhausted his appeals, the conviction becomes final when the time for filing a petition for

7    certiorari with the Supreme Court expires. See Clay v. United States, 537 U.S. 522, 525 (2003)

8    ("For the purpose of starting the clock on § 2255's one-year limitation period, we hold a

9    judgment of conviction becomes final when the time expires for filing a petition for certiorari

10   contesting the appellate court's affirmation of the conviction.").

11       In this case, petitioner appealed and the judgment of the First Circuit was entered on

12   January 21, 2011. (Cr. No. 07-063-06, Docket No. 353.) The one-year limitations period in §

13   2255(f) then expired one year later, in January 2011.

14       Petitioner waited until December 11, 2012, to request the appointment of legal counsel

15   to file this § 2255 motion. (Cr. No. 07-063-06, Docket No. 363.)  Petitioner filed his § 2255

16   motion on January 16, 2013.  (Docket No. 1.)  This was more than one year after the one-year

17   limitations period expired.   Thus, Petitioner's claim is untimely and subject to dismissal.

18   Though the one-year limitations period may be subject to equitable tolling under certain

19   circumstances, see Ramos-Martinez v. United States, 638 F.3d 315, 319 (1st Cir. 2011),

20   Petitioner has not suggested any grounds for equitable tolling, and there are none that we can

21   see here. Summary dismissal is in order. See Lattimore v. Dubois, 311 F.3d 46, 54 (1st Cir.

22   2002) (holding that a prisoner's habeas petition filed one day late was time-barred by § 2255(f)).

23   Therefore, this court has no authority to consider Petitioner's present 2255 motion, and it must

24   be dismissed.

Civil No. 13-1047 (JAF)                                                                                                -4-

## IV.

## **Certificate of Appealability**

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever issuing a denial of § 2255 relief we must concurrently determine whether to issue a certificate of appealability ("COA").  We grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 338 (2003) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).  While Petitioner has not yet requested a COA, we see no way in which a reasonable jurist could find our assessment of Petitioner's constitutional claims debatable or wrong.  Petitioner may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

## V.

## **Conclusion**

For the foregoing reasons, we hereby summarily **DISMISS** Petitioner's motion to vacate, set aside, or correct his sentence pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings. Judgment shall be entered accordingly.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 16th day of April, 2013.

                                                s/José Antonio Fusté
                                                JOSE ANTONIO FUSTE
                                                United States District Judge